IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL A RIVERA,

        Petitioner,

vs.                                          No. CIV 23-1100 JB/KK

RAÚL TORREZ, Attorney General of
the State of New Mexico,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on the Petitioner's A [sic] Motion to Reconsider Judgement By Leave, [sic] of the Court, filed March 15, 2024 (Doc. 5)("Motion to Reconsider"). Petitioner Manuel Rivera seeks reconsideration of the Memorandum Opinion and Order, filed January 30, 2024 (Doc. 4)("IFP MOO"), requiring him to pay the $5.00 filing fee in this habeas corpus action.   See Motion to Reconsider at 1.   In the IFP MOO, the Court denies the Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed January 10, 2024 (Doc. 3)("IFP Motion").   See IFP MOO at 1-2.   The IFP MOO concludes that Rivera can afford to pay the $5.00 habeas filing fee based on his financial statement.   See IFP MOO at 1-2.

     The deadline to pay the $5.00 filing fee initially expired on February 29, 2024.   Rather than complying, Rivera filed the Motion to Reconsider.   See Motion to Reconsider at 1.   The Motion to Reconsider requests relief from a "judgment" assessing the $5.00 filing fee.   Motion to Reconsider at 1.   The Court has not entered, however, any judgment, and this case remains open. Rule 54 of the Federal Rules of Civil Procedure, which addresses the alteration of non-final orders, therefore governs Petitioner's request to reconsider the IFP MOO.   See Fed. R. Civ. P. 54(b)(providing that the Court may reconsider a decision "at any time before the entry of a final

judgment adjudicating all the claims and all the parties' rights and liabilities"); <u>Been v. O.K. Indus.,</u> <u>Inc.,</u> 495 F.3d 1217, 1225 (10th Cir. 2007)("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").

Rule 54(b) does not provide the Court with any standards by which to exercise its broad discretion to reconsider its non-final judgments, orders, or other decisions.   See <u>Anderson Living</u> <u>Trust v. WPX Energy Production, LLC,</u> 308 F.R.D. 410, 433 (D.N.M. 2015)(Browning, J.)("The Tenth Circuit has not cabined district court's discretion beyond what Rule 54(b) provides . . . . [A] district court can use whatever standard it wants to review a motion to reconsider an interlocutory order.").   "For guidance [under Rule 54], the court may look to the standard used to review a motion made pursuant to . . . Rule . . . 59(e)."   <u>Ankeney v. Zavaras,</u> 524 Fed. App'x 454, 458 (10th Cir. 2013).[1]   Grounds for granting a motion to reconsider pursuant to rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   <u>Servants of the Paraclete v. Does,</u> 204 F.3d 1005, 1012 (10th Cir. 2000).

The factual grounds for Rivera's Motion to Reconsider consist of three sentences.   Rivera

---

[1]The Court can rely on <u>Ankeney v. Zavaras</u> to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin,</u> 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that <u>Ankeney</u> <u>v. Zavaras</u> has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

states: "The Court concludes that Rivera can afford to prepay the $5.00 habeas filing fee and therefor[e], the Court must deny the IFP motion.   Rivera shall pay the $5.00 habeas filing fee. Debit memo sent to pay for the habeas filing fee for IFP motion."   Motion to Reconsider at 1.   To the extent Rivera seeks a waiver of the payment obligation, the Court denies the request.   Rivera does not allege that he cannot afford the filing fee, nor has he submitted any updated inmate account statement demonstrating an inability to pay $5.00.   To the extent that Rivera alleges that he already submitted the $5.00 filing fee, the Court notifies Rivera that the Clerk has not received that payment.   The Court therefore denies the Motion to Reconsider, but gives Rivera one more chance to pay the $5.00 habeas filing fee.   The $5.00 fee is due within thirty days of this Memorandum Opinion and Order's entry.   If Rivera fails to comply timely with this Memorandum Opinion and Order, the Court will dismiss this case without further notice.   The Court also may decline to grant further extensions, absent extraordinary circumstances.

 **IT IS ORDERED** that: (i) the Petitioner's A [sic] Motion to Reconsider Judgement [sic] By Leave, [sic] of the Court, filed March 15, 2024 (Doc. 5), is denied; and (ii) the Petitioner must pay the $5.00 habeas filing fee within thirty days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Manuel A. Rivera
Los Lunas, New Mexico

 *Petitioner pro se*

- 3 -