IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL A RIVERA,

    Petitioner,

v.                                                                                               No. 23-cv-01100-JB-KK

RAUL TORREZ, ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Manuel A. Rivera's 28 U.S.C. § 2254 Habeas Petition (Doc. 1) (Petition). Also before the Court are his procedural motions for summary judgment on the issue of release and to compel a ruling/release (Docs. 7, 8). Rivera challenges his 2015 state convictions based on double jeopardy principles. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Rivera to show cause why his Petition should not be dismissed as untimely.

### BACKGROUND

In 2014, Rivera pled guilty to criminal sexual contact of a minor in the second degree and criminal sexual contact of a minor in the fourth degree. *See* Doc. 1 at 1; Plea and Disposition Agreement in D-1116-CR-2014-151.[1] By an Amended Judgment entered June 25, 2015, the state

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Rivera's state court criminal dockets, Case No. D-1116-CR-2014-151; S-1-SC-36108; and S-1-SC-40130. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

court sentenced him to 15 years imprisonment. *See* Doc. 1 at 1; Amended Judgment in D-1116-CR-2014-151. Rivera did not file a direct appeal. *See* Doc. 1 at 2. The Amended Judgment therefore became final no later than July 28, 2015, the first business day following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after expiration of the state direct appeal period); NMRA, Rule 12-201 (a direct appeal must be filed within 30 days after entry of the judgment); NMRA, Rule 1-006(A)(1)(c) (when the 30-day appeal period falls on a weekend or holiday, the period expires at the end of the next business day).

On December 11, 2015, Rivera filed the first of several state habeas petitions. The following timeline reflects the state court docket activity between 2015 and 2023, when Rivera filed the federal case.

July 28, 2015:   The Amended Judgment becomes final.

    **- 136 days pass -**

December 11, 2015:   Rivera files a state habeas petition.

August 26, 2016:   The state trial court denies the petition.

August 2, 2017:   New Mexico Supreme Court (NMSC) denies certiorari relief.

August 3, 2017:   Tolling ceases, and the one-year limitation period resumes.

    **- 90 days pass -**

November 1, 2017:   Rivera submits a state motion to withdraw plea, which the Clerk conveys to the public defender.[2]

---

[2] The Court assumes, without deciding, that the mailing of such motion triggers tolling. The state docket contains a Certificate of Mailing, which reflects Rivera's Motion to Withdraw Plea was not filed of record and was instead "placed for pick up by the Office of the Public Defender." *See* Certificate of Mailing dated November 1, 2017 in D-1116-CR-2014-151. It is not clear from that docket why the state clerk filed a Certificate of Mailing instead of a copy of the actual motion. In any event, construing the filing as a tolling

February 5, 2018:   Rivera files another habeas petition.

April 9, 2018:   The state trial court denies post-judgment relief.

May 9, 2018:   Rivera declines to appeal, and the order becomes final.

May 10, 2018:   Tolling ceases, and the one-year limitation period resumes.

**- 1259 days pass –**

October 20, 2021:   Rivera files another state habeas petition

October 21, 2021:   The state trial court summarily denies relief.

November 23, 2021:   Rivera declines to appeal, and the order becomes final.

**- 631 days pass –**

August 16, 2023:   Rivera files another state habeas petition.

September 5, 2023:   The state trial court denies relief.

November 20, 2023:   The NMSC denies certiorari relief.

**- 23 days pass –**

December 13, 2023:   Rivera files the federal § 2254 Petition.

*See* Docket Sheets in D-1116-CR-2014-151; S-1-SC-36108; and S-1-SC-40130.

In the instant § 2254 Petition, Rivera argues he was convicted of two felonies stemming from the same date.  *See* Doc. 1 at 5.  Construed liberally, the Petition appears to raise a federal claim for the violation of the Double Jeopardy Clause.  Rivera paid the $5 filing fee on November 4, 2024, and the matter is ready for initial review under Habeas Corpus Rule 4.

---

motion does not change the result in this case.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state post-conviction motion is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period began to run no later than July 28, 2015, when the direct appeal period expired in connection with the Amended Judgment. *See Locke*, 237 F.3d at 1271-1273. One hundred and thirty-six (136) days elapsed before Rivera filed his first state habeas petition on December 11, 2015, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). The state habeas proceeding remained pending through August 2, 2017, when the NMSC denied certiorari relief. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day [August 3, 2017] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [229 days]³ resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex habeas tolling calculations).

Rivera submitted his next tolling motion (*i.e.,* a state motion to withdraw the plea) on November 1, 2017. He also filed a second state habeas petition on February 5, 2018. The one-year limitation was again tolled during the pendency of those proceedings. The state trial court denied relief on April 9, 2018; Rivera did not appeal; and the state appeal period expired on May 9, 2018. Statutory tolling therefore ceased on May 10, 2018, with 229 days remaining in the one-year period. *See Doby v. Dowling*, 632 Fed. App'x 485, 488 (10th Cir. 2015) (noting "the time to appeal the denial of … [state post-conviction] relief … tolls the limitations period even if no appeal is taken") (citing *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)). The state docket reflects there was no additional tolling activity during the next 229 days. The one-year limitation period therefore appears to have expired no later than December 26, 2018. *See* Fed. R. Civ. P. 6(a)

---

³ The Court arrived at this figure by subtracting the number of non-tolling days that initially elapsed (136) from the one-year period (*i.e.,* 365 days in a year - 136 days without tolling = 229 remaining days).

5

(applying Rule 6(a) to "any statute that does not specify a method of computing time" and noting that when the last day of a period falls on a holiday, the period expires at the end of the next business day); Habeas Corpus Rule 12 (the Federal Rules of Civil Procedure may be applied to habeas proceedings, to the extent they do not conflict with the habeas rules).

Rivera may believe his claims are timely based on his most recent litigation. The Petition attaches a NMSC Order dated November 20, 2023, which denies certiorari relief in connection with his last state habeas petition. *See* Doc. 1 at 6. However, any state petitions filed after the expiration of the one-year period do not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[4] Accordingly, the NMSC Order entered November 20, 2023 does not impact the time-bar.

For these reasons, Rivera must file a response within thirty (30) days showing cause, if any, why the Petition is not time-barred. The failure to timely respond and overcome the time-bar may result in dismissal of the Petition with prejudice and without further notice. Because it is not yet clear whether this case will survive initial review, the Court will also deny Rivera's motion for

---

[4] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Rivera never obtained state habeas relief, and his direct appeal period was never reopened.

6

summary judgment on the issue of his release (Doc. 7) as premature and without prejudice. Rivera may refile his motion seeking a pre-judgment release if and when he overcomes the time-bar. Rivera's remaining motion (Doc. 8) seeks to compel a ruling and/or release. That motion will be denied as moot, to the extent he seeks a ruling in this case, and as premature, to the extent he again seeks a pre-judgment release.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Rivera must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that Rivera's Motion for Summary Judgment on the Issue of Release (**Doc. 7**) and Motion to Compel Ruling and/or Release (**Doc. 8**) are **DENIED without prejudice,** as set forth above.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE