# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANUEL A. RIVERA,

      Petitioner,

vs.                                                                                   No. CIV 23-1100 JB/KK

RAUL TORREZ, ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondent.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 13, 2023 (Doc. 1)("Petition"). Petitioner Manuel A. Rivera challenges his 2015 State convictions based on double jeopardy principles.   See Petitioner at 1-22.   The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, orders Rivera to show cause why the one-year statute of limitations does not bar his habeas claims.   See Memorandum Opinion and Order at 1, filed January 21, 2025 (Doc. 11)("Screening MOO").   Because Rivera does not demonstrate grounds for tolling, and having researched applicable law and the State docket to confirm the time-bar, the Court will dismiss the Petition as untimely.

## BACKGROUND

      The Court takes the following background information from the Petition and Rivera's State court criminal dockets.   See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151 (County of Bernalillo, Second Judicial District Court, State of New Mexico); Rivera v. Martinez, Case No. S-1-SC-36108 (Supreme Court of New Mexico); and Rivera v. Rios, Case No. S-1-SC-40130 (Supreme Court of New Mexico).   The State criminal filings are subject to judicial notice.

See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(determining that courts have "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(determining that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed");[1] Van Duzer v. Simms, No. CV 18-0405 JB/LF, 2018 WL 2138652, at *1 n.1 (D.N.M. May 9, 2018)(Browning, J.)(determining that courts may take judicial notice of New Mexico State criminal dockets).

---

[1]Mitchell v. Dowling, 672 F. App'x 792 (10th Cir. 2016), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Mitchell v. Dowling, Satterfield v. Milyard, 343 F. App'x 372 (10th Cir. 2009), Taylor v. Wade, 789 F. App'x 674 (10th Cir. 2019), Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018); Clay v. Jones, 491 F. App'x 935 (10th Cir. 2012), Doby v. Dowling, 632 F. App'x 485 (10th Cir. 2015), Phares v. Jones, 470 F. App'x. 718, (10th Cir. 2012), Porter v. Allbaugh, 672 F. App'x 851 (10th Cir. 2016), Donald v. Pruitt, 853 F. App'x 230 (10th Cir. 2021), United States v. Oakes, 445 F. App'x 88 (10th Cir. 2011), Trujillo v. Santistevan, 828 F. App'x 510 (10th Cir. 2020), Ramirez v. Allbaugh, 771 F. App'x 458 (10th Cir. 2019), Trimble v. Hansen, 764 F. App'x 721 (10th Cir. 2019), Cline v. Schnurr, 652 F. App'x 708 (10th Cir. 2016), Pena-Gonzales v. State, No. 21-3174, 2022 WL 214747 (10th Cir. Jan. 25, 2022), United States v. Orecchio, No. 21-6172, 2022 WL 2062440 (10th Cir. June 8, 2022), Garcia v. Drummond, No. 24-6193, 2024 WL 4902736 (10th Cir. Nov. 27, 2024), Strickland v. Crow, No. 21-6085, 2022 WL 245521 (10th Cir. 2022), United States v. Tinsman, No. 21-7024, 2022 WL 3208346 (10th Cir. Aug. 9, 2022), Gordon v. Crow, No. 22-6172, 2023 WL 3065542 (10th Cir. 2023), and Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden, 2025 WL 209880 (10th Cir. Jan. 16, 2025), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In 2014, Rivera pleads guilty to criminal sexual contact of a minor in the second degree and criminal sexual contact of a minor in the fourth degree.  See Petition at 1; State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Plea and Disposition Agreement (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed November 10, 2014).   By an Amended Judgment entered on June 25, 2015, the State trial court sentences Rivera to a total term of fifteen years imprisonment.  See Petition at 1; State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Amended Judgment at 1 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed June 25, 2015).   Rivera did not file a direct appeal.  See Petition at 2.   The Amended Judgment therefore became final no later than July 28, 2015, the first business day following the expiration of the thirty-day appeal period.  See Satterfield v. Milyard, 343 F. App'x 372, 374 (10th Cir. 2009)(holding that, for § 2254 purposes, a conviction becomes final after expiration of the State direct appeal period); N.M.R.A. 12-201 (stating that a direct appeal must be filed within thirty days after the judgment's entry); N.M.R.A. 1-006(A)(1)(c)(stating that, when the 30-day appeal period falls on a weekend or holiday, the period expires at the end of the next business day).

On December 11, 2015, Rivera files the first of several State habeas petitions.  See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Petition for Writ of Habeas Corpus at 1 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed December 11, 2015).   The State trial court denies the petition on August 26, 2016, and the Supreme Court of New Mexico denies certiorari relief on August 2, 2017.  See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Order Dismissing Petition for Writ of Habeas Corpus at 1-5 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed August 26, 2016); Rivera v. Martinez, Case No. S-1-SC-36108, Order Denying Petition at 1 (Supreme Court of New Mexico,

filed August 2, 2017). Rivera continues to seek post-judgment relief throughout 2017 and early 2018. See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico). Rivera submits a State motion to withdraw his plea on November 1, 2017, and a second habeas petition on February 5, 2018. See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Certificate of Mailing at 1 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed November 1, 2017); State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Petition for Writ of Habeas Corpus at 1-11 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed February 5, 2018). The State trial court entered an Order denying relief on April 9, 2018. See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Order Dismissing [Second] [sic] Petition for Writ of Habeas Corpus at 1-4 (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed April 9, 2018). Rivera did not appeal. See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico).

Over three years have passed with no activity in Rivera's State criminal case. The docket sheet reflects that Rivera continued to seek State habeas relief in 2021 and 2023. See State of New Mexico v. Rivera, Case No. D-1116-CR-2014-151, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico). The Supreme Court of New Mexico denied the most recent State habeas appeal on November 20, 2023. See Rivera v. Rios, Case No. S-1-SC-40130, Order at 1 (Supreme Court of New Mexico, filed November 20, 2023).

Rivera files this § 2254 Petition on December 13, 2023. See Petition at 1. Rivera argues that his State convictions violate Double Jeopardy principles, because the two felonies occurred on the same date. See Petition at 5. The Court refers the matter to Magistrate Judge Khalsa for

- 4 -

recommended findings and disposition, and to enter non-dispositive orders.  <u>See</u> Order of Reference Relating to Prisoner Cases at 1, filed December 20, 2023 (Doc. 2).  Magistrate Judge Khalsa reviewed the Petition sua sponte under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, and determined that the Petition appears to be time barred.  <u>See</u> Screening MOO at 3-6.  <u>See also</u> <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006)(holding that, as part of the initial review process, "courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").  The Screening MOO sets forth the legal standard for statutory/equitable tolling and directs Rivera to show cause why the Court should not dismiss the Petition.  <u>See</u> Screening MOO at 3-7.  Rivera submits his response on February 3, 2025.  <u>See</u> Untitled Letter-Response at 1, filed February 3, 2025 (Doc. 12)("Response").  The matter is ready for review, and the Court considers whether the Response establishes grounds for tolling.

## <u>LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS</u>

A one-year statute of limitations governs a person in State custody's petitions for a writ of habeas corpus under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  <u>See</u> 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time that the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d).  The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.  See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files State habeas corpus petition.  Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A State habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the State's post-conviction procedures.  See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010).  A State habeas petition submitted after the one-year deadline does not toll, however,  the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting that the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period").

- 6 -

The one-year statute of limitations also may be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure timely to file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling. See Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x 674, 677 (10th Cir. 2019)("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 F. App'x 935, 935-36 (10th Cir. 2012)(holding that a petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner generally "must show that he can satisfy the procedural requirements of § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims. United States v. Greer, 881 F.3d 1241, 1244 (10th Cir. 2018), cert. denied, 586 U.S. 953 (2018). Accordingly, and as noted above, federal courts have authority to sua sponte consider a habeas petition's timeliness on screening. See Day v. McDonough, 547 U.S. 198, 209 (2006)(concluding that, as part of the initial review process, "courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in State custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.

Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.   28 U.S.C. § 2254(a).   AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.   If, as in this case, the application includes a claim that a State court adjudicated on its merits, § 2254(d) expressly limits federal court review.   Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).   Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable."   Wilson v. Sellers, 584 U.S. 122, 125 (2018).   The standard is highly deferential to the State court rulings and demands that the State court be given the benefit of the doubt.   See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam).   The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.   See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United States of America's decisions as of the time of the relevant State court decision.   Williams v. Taylor, 529 U.S. 362, 412 (2000).   Under § 2254(d)(1), a State-court decision is "contrary to" the

- 8 -

Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from precedent." Williams v. Taylor, 529 U.S. at 405-06.   A State court need not cite or even be aware of applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."   Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."   Williams v. Taylor, 529 U.S. at 407-08.   A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."   Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).   An unreasonable application of federal law is not the same as an incorrect application of federal law.   See Williams v. Taylor, 529 U.S. at 410.   A federal court may not issue a habeas corpus writ solely because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly; the application also must be unreasonable.   See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98.   The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents.   See Harrington v. Richter, 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Rivera challenges his State convictions for criminal sexual contact of a minor.   See Petition at 1.   As explained in the Screening MOO, did not file his claims within the one-year habeas limitation period.   See Screening MOO at 3-6.   The limitation period

began to run in this case no later than July 28, 2015, when the direct appeal period expired in connection with the Amended Judgment.  See Locke v. Saffle, 237 F.3d at 1271-1273.  One hundred and thirty-six (136) days elapsed before Rivera files his first State habeas petition on December 11, 2015, which stops the clock pursuant to 28 U.S.C. § 2244(d)(2).  That proceeding remained pending through August 2, 2017, when the Supreme Court of New Mexico denies certiorari relief.  See Lawrence v. Florida, 549 U.S. 327, 332 (2007)(holding that, for § 2244(d)(2) purposes, a State habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review").  Rivera continued to file State tolling motions in 2017 and 2018. The one-year limitation period under 28 U.S.C. § 2244(d)(2) until the State courts resolved those filings.  See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010).

Rivera filed a State motion to withdraw the plea on November 1, 2017, and a second State habeas petition on February 5, 2018.  The State trial court denied relief on April 9, 2018; Rivera did not appeal, and the State appeal period expired no later than May 9, 2018.  Statutory tolling under § 2244(d)(2) therefore ceased on May 10, 2018, at the latest, with 229 days remaining in the one-year period.[2]  See Doby v. Dowling, 632 F. App'x 485, 488 (10th Cir. 2015)(noting "the time to appeal the denial of . . . [State post-conviction] relief . . . tolls the limitations period even if no appeal is taken")(citing Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)).  The State docket reflects that there was no additional tolling activity during the next 229 days, i.e., during the 229 days after May 10, 2018.  The one-year limitation period therefore expires no later than December 26, 2018, absent additional tolling.  See Fed. R. Civ. Pro. 6(a) (applying the rule to "any statute

---

[2]The Court arrives at this figure by subtracting the number of non-tolling days that initially passed from the one-year period, i.e., 365 days in the one-year period - 136 non-tolling days = 229 remaining days in the one-year period.

that does not specify a method of computing time" and noting that, when the last day of a period

falls on a holiday, such as December 25, the period expires at the end of the next business day).

Magistrate Judge Khalsa explains these principles in the Screening MOO.   <u>See</u> Screening

MOO at 3-7.   The Screening MOO sets out the State court filing timeline, and the legal standards

for obtaining statutory and equitable tolling.   Rivera's show-cause Response does not object to

the State filing timeline or the above dates.   <u>See</u> Response at 1-2.   Construed liberally, the two-

page Response seeks equitable tolling.   The Response states:

> In a prison mail either personal or legal takes about a month for an inmate to
> receive.  Legal access to law library is by appointment and limited to two hours of time
> for paralegals only.   Persons such as myself who have S.O. [sexual assault] charges have
> a more difficult time in finding help.   Between lockdowns[,] restricted movement[,] and
> transport delays in moving to another facility, [these circumstances] delay[] time for
> answering.   Court's time allowance to be answered is limited.   I have done my best with
> the knowledge that I have to answer the Court's questions in a timely manner but I have
> fallen short, for that that I do apologize….

Response at 1-2.   The Court considers whether there are grounds for equitable tolling based on

Rivera's limited access to legal materials/legal assistance, lockdowns, and any delays associated

with transport and mail.

## I.    <u>THE RESPONSE DOES NOT WARRANT EQUITABLE TOLLING</u>.

Equitable tolling is "a rare remedy to be applied in unusual circumstances."   <u>Al-Yousif v.

Trani</u>, 779 F.3d 1173, 1179 (10th Cir. 2015).   The doctrine applies only if some extraordinary

circumstance outside of the petitioner's control prevented him from filing timely.   <u>See

Menominee Indian Tribe of Wis. v. United States</u>, 577 U.S. 250, 256-57 (2016); <u>Lawrence v.

Florida</u>, 549 U.S. 327, 336 (2007).   "[A]n inmate bears a strong burden to show specific facts to

support his claim of extraordinary circumstances."   <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th

Cir. 2008).   He also must describe separately "the steps he took to diligently pursue his federal

claims while those circumstances existed."   <u>Pena-Gonzales v. State</u>, No. 21-3174, 2022 WL

214747, at *1 (10th Cir. Jan. 25, 2022)(noting that Yang v. Archuleta requires both "extraordinary circumstances and due diligence")(emphasis in original).    The petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition.    Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

### A.    RIVERA DOES NOT SHOW THAT THERE ARE EXTRAORDINARY CIRCUMSTANCES.

Construed liberally, Rivera's Response seeks equitable tolling based on limited access to legal materials, lockdowns, and the delays associated with transport and mail.   With respect to the first two circumstances, the Tenth Circuit repeatedly holds that lockdowns, limited access to relevant law, and/or an inadequate law library do not warrant equitable tolling.   See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(refusing to apply tolling where the facility does not have materials for review that allow the petitioner to file an informed habeas petition, nor a process to request those materials); Garcia v. Drummond, No. 24-6193, 2024 WL 4902736, at *4 (10th Cir. Nov. 27, 2024)(determining that there are no extraordinary circumstances where "acquiring legal materials was slow and unwieldy and perhaps subject to the caprice of unfriendly staff"); United States v. Orecchio, No. 21-6172, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022)(concluding that "the lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance."); Porter v. Allbaugh, 672 F. App'x 851, 857 (10th Cir. 2016)(affirming the "district court's determination that [the petitioner's] general grievances [concerning accessing the prison law library] fail to constitute extraordinary circumstances."); Phares v. Jones, 470 F. App'x. 718, 719 (10th Cir. 2012)("The mere fact of a prison lockdown . . . does not qualify as extraordinary").

These principles have not changed in the context of prolonged COVID-19 lockdowns. The Tenth Circuit declines to apply equitable tolling where the habeas petitioner has "limited

access to the prison law library due to COVID-19 quarantine lockdowns." <u>Strickland v. Crow</u>, No. 21-6085, 2022 WL 245521, at *4 (10th Cir. Jan. 27, 2022). <u>See</u> <u>Pena-Gonzales v. State</u>, 2022 WL 214747, at *1 (determining that there is no equitable tolling where petitioner alleges "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library"); <u>Donald v. Pruitt</u>, 853 F. App'x 230, 234 (10th Cir. 2021)(declining to apply tolling where the petitioner has "limited access to the law library in the wake of COVID-19" and alleged "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents"). To establish an extraordinary circumstance, therefore, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library," or in relation to lockdowns, "hindered his efforts to pursue a legal claim." <u>United States v. Oakes</u>, 445 F. App'x 88, 94 (10th Cir. 2011)(quoting <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996)).

Here, Rivera's Response does not allege specific facts showing that the lockdowns or inadequate law library "prevented him . . . from timely moving for relief" under 28 U.S.C. § 2254. <u>United States v. Tinsman</u>, No. 21-7024, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022). Rivera has not explained, for example, why he is able to file at least three State post-conviction motions before the federal habeas limitation period expired. <u>See</u> <u>Garcia v. Drummond</u>, 2024 WL 4902736, at *5 (holding that a habeas petitioner does not show extraordinary circumstances based on "his limited access to the law library" where he "successfully filed several documents with the Oklahoma courts, including a pro se motion for a suspended sentence and an application for post-conviction relief"); <u>Trujillo v. Santistevan</u>, 828 F. App'x 510, 511 (10th Cir. 2020)(rejecting the argument that "restrictions on law-library access slowed [the petitioner's] ability to prepare a state habeas petition," and noting that "[d]espite these restrictions, [the petitioner] was able to file the state habeas petition . . . so the restrictions in law-library access thus didn't trigger equitable

tolling").   There are also no specific facts showing the dates of any lockdowns or what missing materials, if any, Rivera needed to file his claims.   To the extent Rivera does not file a timely federal habeas petition because he does not know about the one-year limitation period, these circumstances do not warrant tolling.   "It is well established that ignorance of the law . . . does not excuse prompt filing" in a § 2254 case.   Marsh v. Soares, 223 F.3d at 1229.   See Ramirez v. Allbaugh, 771 F. App'x 458, 462 (10th Cir. 2019)("Any confusion or misunderstanding on [the petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").   Rivera therefore does not show extraordinary circumstances regarding any lockdowns or lack of legal materials.

Rivera also seeks equitable tolling based on delays.   Rivera states that prison mail sometimes can take a month to receive and that he experiences unspecific delays when prison officials transport him between facilities.   See Response at 1.   The Tenth Circuit holds that "an ordinary de minimis delay incident to transmission of mail from court to prisoner would not be an extraordinary circumstance warranting equitable tolling."   Trimble v. Hansen, 764 F. App'x 721, 725 (10th Cir. 2019)(quoting Earl v. Fabian, 556 F.3d 717, 723 n.3 (8th Cir. 2009)).   See Moore v. Gibson, 250 F.3d 1295, 1299 (10th Cir. 2001)(finding no extraordinary circumstances and noting that the petitioner knows that "legal mail in his prison was subject to delays").   Routine prison transfers do not present extraordinary circumstances.   See Cline v. Schnurr, 652 F. App'x 708, 712 (10th Cir. 2016)(finding no extraordinary circumstances where "prison transfers . . . led to [the petitioner's] initial delay" in filing, because the petitioner "still had 132 days to file his habeas petition after the state district court" denied post-conviction relief).

Even if routine mail or transport delays could warrant tolling under some circumstances, relief is not warranted in this case.   This situation is not one where the federal § 2254 filing is

untimely by a matter of days or weeks.   Rivera files his Petition nearly five years after expiration of the limitation period.   Rivera therefore has not demonstrated extraordinary circumstances exist based on any delays and, the first prong of the equitable tolling test is not met. .

### B.   RIVERA HAS NOT EXERCISED DUE DILIGENCE.

Alternatively, even if Rivera establishes extraordinary circumstances, the Response is lacking facts showing he "'diligently pursue[d] his federal claims' while those circumstances existed."   Pena-Gonzales v. State, 2022 WL 214747, at *1 (quoting Yang v. Archuleta, 525 F.3d at 930)(brackets in Pena-Gonzales v. State, but not in Yang v. Archuleta).   Rivera's Response focuses on each circumstance that allegedly hindered his ability to file a timely § 2254 petition. The Response does not describe what steps, if any, Rivera took to pursue his § 2254 claims before the expiration of the one-year limitation period on December 26, 2018.   See Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden, 2025 WL 209880, at *7 (10th Cir. Jan. 16, 2025)(concluding that a petitioner does not exercise due diligence where the petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his [federal habeas] rights"); Gordon v. Crow, No. 22-6172, 2023 WL 3065542, at *2 (10th Cir. 2023)("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); Donald v. Pruitt, 853 F. App'x at 234 (holding that an inmate who experiences COVID19 lockdowns still must show that "he was pursuing his rights diligently throughout the one-year window"); Phares v. Jones, 470 F. App'x at 719-20 (holding that a combination of head injury, administrative segregation, and lockdown is not sufficient to warrant equitable tolling where the petitioner offers "no evidence or allegation that he took action on his [federal] petition" before the limitations period expired);.   Consequently, the Response does not show that Rivera exercises due diligence and/or

satisfy the second prong of the equitable tolling test.    Rivera is not entitled to equitable tolling of the federal habeas limitation period.

## II.    THE COURT DENIES A CERTIFICATE OF APPEALABILITY ("COA").

In sum, and for the reasons below, the Court concludes that the one-year limitation period expired, at the latest, on December 26, 2018, and that Rivera's § 2254 Petition, filed on December 13, 2023, is time-barred by nearly five years.    The Court further concludes that Rivera's show-cause Response does not overcome the time-bar or establish equitable grounds for tolling.    The Court dismisses the Petition with prejudice as time-barred.    The Court also denies a COA pursuant to rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010, as the time-bar is not reasonably debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(holding that a COA issues in habeas matters only where "reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that: (i) Petitioner Manuel A. Rivera's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 13, 2023 (Doc. 1), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) the Court will enter a separate Final Judgment disposing of the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Manuel A. Rivera
Santa Fe, New Mexico

    *Petitioner pro se*